RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/12/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DERRICK MORRIS,<br>　　Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. 1:12-cv-01274 |
| VERSUS | |
| WARDEN, FCI-POLLOCK,<br>　　Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Derrick Morris ("Morris") on May 15, 2012. Morris, an inmate in the Federal Corrections Center in Pollock, Louisiana, is contesting the calculation of his federal sentence by the Bureau of Prisons ("BOP").

On June 1, 2012, Morris was ordered to submit his pleadings on the correct forms. In response, Morris advised the court that he is presently working on exhausting his administrative remedies and requested an extension of time to file an amended petition (Doc. 4).

Federal regulations afford federal prisoners administrative review of the computation of their sentences, see 28 C.F.R. §§ 542.10-542.16 (1990), and prisoners may seek judicial review of those computations *after* exhausting their administrative remedies. U.S. v. Wilson, 503 U.S. 329, 335-336, 112 S.Ct. 1351, 1355 (1992), and cases cited therein. Once a prisoner has exhausted his

administrative remedies through the BOP, he may then file a pro se petition for habeas relief pursuant to 28 U.S.C. § 2241, challenging the BOP's computation of his sentence. U.S. v. Setser, 607 F.3d 128, 133 n.3 (5th Cir. 2010), and cases cited therein.

Therefore, it is recommended that Morris' Section 2241 habeas petition be dismissed without prejudice for lack of exhaustion. When Morris has completely exhausted his administrative remedies with the BOP, he may re-file his Section 2241 petition and provide the court with copies of his administrative grievances and responses.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Morris' Section 2241 petition be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 12th day of June 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE